AUG 14 1989

DOCKET NO. 806

PATRICIA D. HOWARD
CLERK OF THE PANEL

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE DUN AND BRADSTREET COMMERCIAL CREDIT INFORMATION SERVICES LITIGATION

ORDER*

This litigation presently consists of nine actions pending in four federal districts: four actions in the Southern District of Ohio; two actions each in the Southern District of New York and Eastern District of Pennsylvania; and one action in the Northern District of Illinois.[1/] Before the Panel are a motion and two cross-motions, pursuant to 28 U.S.C. §1407, to centralize all or some of these actions in various districts for coordinated or consolidated pretrial proceedings. Plaintiffs in one Ohio shareholder action seek centralization of all actions in the Southern District of Ohio. Plaintiffs in the Illinois shareholder action and in one Ohio action support this motion. In cross-motions, plaintiffs in one Ohio and one Pennsylvania action seek centralization of the Ohio and Pennsylvania customer actions in the Ohio forum. Plaintiff in the other Pennsylvania action favors centralization of the customer actions in the Pennsylvania forum. Defendants--Dun & Bradstreet, Inc. (D&B, Inc.) and Dun & Bradstreet Corp. (D&B Corp.) (collectively referred to as D&B)--suggest centralization of all shareholder actions in the Southern District of New York, but oppose centralization of the customer actions in any district.

On the basis of the papers filed and the hearing held, the Panel finds that the shareholder actions involve common questions of fact and that centralization under Section 1407 in the Southern District of New York will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising out of allegations that D&B conceived and implemented a plan to fraudulently induce customers to purchase units of D&B credit information which D&B knew was substantially in excess of the units required by these customers, and that this conduct resulted in the inflation of the price D&B's stock. Centralization is necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

---

* Judge Louis H. Pollak took no part in the decision of this matter.

[1/] The Panel has been notified that a related action is pending in the Southern District of New York. This action and any other later filed related actions will be treated as potential tag-along actions. See Rules 12 and 13, R.P.J.P.M.L., 120 F.R.D. 251, 258-59 (1988).

We find that the Southern District of New York is the appropriate transferee forum for centralization of the shareholder actions. We note that D&B Corp. maintains its principal place of business in New York City; that the individual defendants work there; that relevant documents may be found there or in nearby Murray Hill, New Jersey at D&B, Inc.'s headquarters; and that pretrial proceedings are underway in the New York forum.

Based on counsels' representations in writing and at the hearing in this matter that a settlement has been reached in the customer actions, we deny transfer of these actions under Section 1407.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the shareholder actions listed on attached Schedule A and pending in districts other than the Southern District of New York be, and the same hereby are, transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable David N. Edelstein for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

IT IS FURTHER ORDERED that transfer of the customer actions listed on the attached Schedule A is hereby DENIED.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

SCHEDULE A

MDL-806 -- In re Dun and Bradstreet Commercial Credit Information Services Litigation

**SHAREHOLDER ACTIONS:**

Northern District of Illinois

John Minors, et al. v. Dun & Bradstreet Corp.,
C.A. No. 89-C-2144

Southern District of New York

Sylvia Adams v. Dun & Bradstreet Corp., et al.,
C.A. No. 89-Civ-1877
Nathan G. Paschen, et al. v. Dun & Bradstreet Corp., et al.,
C.A. No. 89-Civ-1741

Southern District of Ohio

Stanley Marks, et al. v. Dun & Bradstreet Corp.,
C.A. No. C-1-89-248

**CUSTOMER ACTIONS:**

Southern District of Ohio

Interbank Leasing Corp., etc. v. Dun & Bradstreet Corp., et al.,
C.A. No. C-1-89-026
W.M. Hershman, Inc., etc. v. Dun & Bradstreet, Inc., et al.,
C.A. No. C-1-89-051
The Mutual Manufacturing & Supply Co. v. Dun & Bradstreet Corp., et al., C.A. No. C-1-89-408

Eastern District of Pennsylvania

LeDamor, Inc., etc. v. Dun & Bradstreet, Inc.,
C.A. No. 89-2245
Frank Sussman Co. v. Dun & Bradstreet, Inc.,
C.A. No. 89-3994